IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | |
|---|---|
| **ALEXA PUTOREK,** on behalf of HERSELF and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**FIRSTENERGY SERVICE COMPANY,**<br><br>Defendant. | ELECTRONICALLY FILED<br>Sep 21 2023<br>U.S. DISTRICT COURT<br>Northern District of WV<br><br>Case No. **1:23-CV-76 (Kleeh)** |

## CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff Alexa Putorek ("Plaintiff"), individually and on behalf of all others similarly situated, alleges violations of the West Virginia Consumer Credit and Protection Act ("CCPA"), W. Va. Code §§ 46A-1-101, *et seq.*, against Defendant FirstEnergy Service Company, ("FirstEnergy" or "Defendant").

## NATURE OF THE ACTION

1. FirstEnergy is a subsidiary of a multi-billion dollar, publicly traded utility company FirstEnergy Corporation. FirstEnergy routinely violates West Virginia debt collection laws when it unlawfully and deceptively charges customers "E-Z Pay fees," "convenience fees," or "processing fees" (collectively, "Pay-to-Pay Fees") as high as $4.75 each time a customer makes a payment online or over the phone. The Pay-to-Pay Fees are substantially higher than the actual cost to FirstEnergy to process the payments, creating a profit center for the company. These fees "nickel and dime" FirstEnergy's captive consumers while providing hundreds of thousands of dollars in revenue to it, even though consumers' agreements with FirstEnergy do not expressly provide for the fees and no law authorizes charging them, in violation of the CCPA.

-1-

2. The Utility Service Tariff ("the Tariff") is the operative contract that governs utility services and is supplemental to the "Rules and Regulations for Government of Electric Utilities" (the "Rules & Regulations") of the Public Service Commission (PSC). *See* **Exhibit A**, Monongahela Power Company Rates and Regulations for Electric Service, and **Exhibit B**, The Potomac Edison Company Rates and Regulations for Electric Service (collectively, the "Tariff").

3. This Tariff provides the approved rules and rates under which electric utility services are provided to residential utility customers. Utility companies must submit the utility tariffs to the PSC, which in turn sets the utility rates, collects and maintains records and reports of public service companies, and reviews their plans for service. As recently as August 2023, FirstEnergy has noticed a 15% increase in the cost of utilities for residential users in West Virginia.[1]

4. The Tariff is uniform for all residential customers of FirstEnergy and is on file with the PSC. The contract terms for gas utility services found in the Tariff are identical for each residential customer. Neither the Tariff nor the Rules & Regulations of the PSC expressly authorize Pay-to-Pay Fees.

5. Prior to filing this action, Plaintiff, through counsel, requested information on whether the PSC had given any authorization for electric utilities to charge Pay-to-Pay Fees. The PSC has not identified any such authorization given to Defendant.

6. Plaintiff Alexa Putorek paid Defendant's Pay-to-Pay Fees. She brings this class action lawsuit individually and on behalf of all similarly situated putative Class Members to enjoin

---

[1] *Public Notice of Change in Rates with Proposed Effective Dates*, available at: https://www.firstenergycorp.com/content/dam/customer/billinserts/2023-08%20WV%20Rate%20Case%20Compliance%200823.pdf

FirstEnergy from charging unlawful Pay-to-Pay Fees and to compensate consumers for losses they incurred as a result of FirstEnergy's illegal business practices.

## THE PARTIES

7. Plaintiff Alexa Putorek is a citizen and resident of the State of West Virginia, residing in Reedsville. During the class period and continuing to the present, Ms. Putorek is a FirstEnergy customer who paid her bill by phone using FirstEnergy's "E-Z Pay" web payment system. During the class period, FirstEnergy charged Ms. Putorek a Pay-to-Pay Fee each time she made a payment, as high as $4.75. Ms. Puroek is a "consumer" as defined by the CCPA. W. Va. Code § 46A-2-128(a).

8. FirstEnergy is a residential and commercial electric utility provider with its principal office located in Akron, Ohio. FirstEnergy's agent for service of process is Corporation Service Company, located at 5098 West Washington Street, Suite 407, Charleston, West Virginia, 25302.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Defendant because it conducts business in West Virginia and commits torts in West Virginia as described in the Complaint.

10. Venue is appropriate because the cause of action accrued in this District.

11. Subject matter jurisdiction exists under the Class Action Fairness Act because diversity exists between the Defendant and at least one class member and the amount in controversy exceeds $5,000,000.

## STATEMENT OF FACTS

**The Utility Industry**

12.     The West Virginia utility industry is highly regulated. Utility suppliers must be licensed by the PSC and are subject to regulation by the PSC and consumer protection laws. The PSC is an administrative state agency which regulates public utilities with a mission to ensure safe, reliable, and economical public utilities. The PSC regulates the activities of utility companies, sets tariff rates, and maintains records for natural gas and other utilities. West Virginia Code section 24-2-2 and 24-2-3 gives the PSC authority to set utility rates for public service companies.

13.     The PSC has not promulgated rules or regulations authorizing licensed utilities to charge Pay-to-Pay Fees to West Virginia consumers, like Ms. Putorek, who engage the utility for personal, residential services.

14.     Regulated utilities are required to file tariffs with the PSC. *See* W. Va. Code § 24-3-5. These tariffs contain the supply rates, charges, tolls, rules and regulations of the utility. *Id*. Utility companies must submit any changes in rates, charges or fees to the PSC for approval before the utility can charge consumers. *See* **Exhibit C**, Rules for the Construction and Filing of Tariffs, § 7.3 of Title 150-2-7 of the Public Service Commission Legislative Rules; W. Va. Code Ann. § 24-2-4a (2020).

15.     Defendant has published with the PSC and posted for inspection on its website its Tariff. This Tariff is also available for inspection on the PSC's public website. The Tariff does not provide for the Pay-to-Pay Fees that FirstEnergy charges, nor has the PSC approved such fees.

**Defendant Charged Plaintiff Pay-to-Pay Fees**

16. FirstEnergy is one of West Virginia's largest electric utility providers, servicing nearly 550,000 customers.

17. Customers may make payments to FirstEnergy by check, phone, or through an online portal. FirstEnergy pays next to nothing to collect and process the payments it receives from its customers yet characterizes its inflated Pay-to-Pay Fees as service charges meant to cover the costs of processing payments.

18. FirstEnergy's method of deceptively passing its operating costs onto consumers while creating a windfall for itself in the aggregate is illegal. There is no agreement between the customer and FirstEnergy that authorizes the fees it charges, nor is there a statute or regulation that permits charging them.

19. Similarly, FirstEnergy cannot indirectly charge unlawful or unauthorized fees by hiring a third party to illegally carry out an aspect of its business.

20. Throughout the class period, FirstEnergy charged Ms. Putorek Pay-to-Pay Fees to make her payment using its "E-Z Pay" online payment system. The fees varied, but were as little as $4.00 and as much as $16.77. These amounts were debited directly from Ms. Putorek's bank account.

21. The cost FirstEnergy incurred to process Ms. Putorek's electronic payments were much lower than the $4.00 to $17.00 Pay-to-Pay Fees it charged. The Association for Financial Professionals wrote a report in 2015 stating that third-party vendors typically charge companies *fifty cents or less* per transaction for processing these types of payments.

22. These Pay-to-Pay Fees allowed FirstEnergy to impermissibly profit from Ms. Putorerk and other consumers like her who were already paying it to service their accounts by

making monthly payments related to their property. The Fees charged can add up to hundreds of dollars over the life of a single customer's account, providing FirstEnergy with hundreds of thousands of dollars in profit (if not more).

## APPLICABLE LAW

**The West Virginia Consumer Credit and Protection Act (CCPA)**

23. The CCPA prohibits unfair or unconscionable debt collection practices and provides specific examples of violative conduct, including, "[t]he collection of or the attempt to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is expressly authorized by the agreement creating or modifying the obligation and by statute or regulation." W. Va. Code § 46A-2-128(d).

24. The CCPA defines "debt collector" to mean "any person or organization engaging directly or indirectly in debt collection." *Id.* § 46A-2-122(d). "Debt collection" is defined as "any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due by a consumer." *Id.* § 46A-2-122(c).

25. The CCPA defines "claim" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the . . . service which is the subject of the transaction is primarily for personal, family or household purposes. . . ." *Id.* § 46A-2-122(b).

26. The residential eletricity FirstEnergy provided to Ms. Putorek and the putative Class Members was the subject of the transactions at issue and was for personal, family or household purposes. These transactions obligated consumers to pay money to FirstEnergy, constituting claims as defined by the CCPA. As such, FirstEnergy is a debt collector under the CCPA.

27. The CCPA provides certain exclusions under the Act, one of which generally applies to tariffs of public utilities and common carriers. *See* W. Va. Code § 46A-1-105(a)(4). The relevant exception provides that the CCPA shall not apply to "[t]ransactions under public utility or common carrier tariffs *if a subdivision or agency of this state . . . regulates the charges for the services involved*, the charges for delayed payment, and any discount allowed for early payment[.]" *Id.* (emphasis added).

28. Section 46A-1-105(a)(4) does not bar Plaintiff's claims. The Pay-to-Pay Fees FirstEnergy charges Plaintiff are collection costs that are unmentioned in and wholly separate from the Tariff. The exclusion provided under section 46A-1-105(a)(4) applies to "transactions described in the Tariff." *Good v. American Water Works Co., Inc.*, 2015 WL 3506957 at *13 (S.D. W. Va. 2015). Because the Tariff does not address these collection costs assessed against the Plaintiff, and because the PSC does not regulate "the charges for the services involved," the fees are illegal and impermissible under the CCPA.

29. FirstEnergy engaged in the conduct or practice of soliciting and collecting claims owed or allegedly owed by consumers including Ms. Putorek and the putative Class Members.

## CLASS ACTION ALLEGATIONS

30. Plaintiff Alexa Putorek brings this class action pursuant to Rule 23 of the West Virginia Rules of Civil Procedure on behalf of a putative class defined as follows ("the Class"):

> **All persons who (1) had a FirstEnergy residential utility agreement on a West Virginia property and (2) paid a fee for making a payment to FirstEnergy by internet or phone within four years prior to the date a class is certified ("the class period").**

31. Excluded from the Class are FirstEnergy, any entity in which it has or had a controlling interest, or which has or had a controlling interest in FirstEnergy; its employees, officers, directors, legal representatives, assigns, and successors; the judicial officer(s) to whom

this matter is assigned and their immediate family; and Class Members who timely opt-out of any certified Class.

32. Ms. Putorek reserves the right to modify or amend the definition of the Class before the Court determines whether certification is appropriate.

**Numerosity**

33. The proposed Class is so numerous that joinder of all members would be impracticable; FirstEnergy has over 550,000 customers in the state of West Virginia.

34. The individual Class Members are ascertainable, as the names and addresses of all Class Members can be identified in the business records maintained by FirstEnergy.

35. The precise number of Class Members can be obtained through discovery, but the numbers are clearly more than can be consolidated in one complaint such that it would be impractical for each member to bring suit individually.

**Commonality and Predominance**

36. There are core questions of law and fact that are common to Ms. Putorek and Class Members' claims.

37. These common questions of law and fact predominate over any questions affecting only individual members of the Class, and include but are not limited to:

    a. Whether FirstEnergy charged Class Members Pay-to-Pay Fees;

    b. Whether FirstEnergy has an agreement with any customer that authorizes the collection of these Pay-to-Pay Fees;

    c. Whether a statute or regulation specifically authorizes FirstEnergy to collect these Pay-to-Pay Fees;

    d. Whether FirstEnergy violated West Virginia law;

  e. Whether Ms. Putorek and the Class Members were damaged by FirstEnergy's conduct by being charged sums barred by the CCPA;

  f. Whether Ms. Putorek and the Class Members paid improper fees within the applicable statute of limitations;

  g. Whether Ms. Putorek and Class Members are entitled to restitution;

  h. Whether Ms. Putorek and Class Members are entitled to attorneys' fees and costs; and

  i. The appropriate remedies due by FirstEnergy to Class Members.

**Typicality**

38. Ms. Putorek is a member of the Class she seeks to represent. Her claims are typical of claims of the other Class Members because FirstEnergy charged Ms. Putorek unlawful Pay-to-Pay Fees through the same course of conduct and in the same manner as it charged the Class Members. By being forced to pay these improper fees, Ms. Putorek and each Class Member has sustained, and will continue to sustain, injuries. FirstEnergy's unlawful actions concern the same unlawful business practices irrespective of where in West Virginia they occurred or were experienced.

**Adequacy of Representation**

39. Ms. Putorek is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Ms. Putorek is committed to the vigorous prosecution of this action and has retained competent counsel, experienced in litigation of this nature. There are no conflicts between Ms. Putorek and the unnamed Class Members.

40. Ms. Putorek anticipates no difficulty in the management of this litigation as a class action.

41.     Ms. Putorek's chosen counsel is experienced in class action and consumer protection litigation and has the resources to meet the demands associated with this type of litigation.

**Superiority**

42.     A class action is a superior method to adjudicate this controversy than the filing of thousands of individual actions. FirstEnergy acted in a manner generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

43.     Individual suits would not be cost effective or economically maintainable, and the action is manageable as a class action. There are no known individual Class Members who are interested in individually controlling the prosecution of separate actions.

44.     The interests of justice are served by resolving this dispute in one forum. Prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for FirstEnergy.

### FIRST CAUSE OF ACTION
#### ILLEGAL ASSESSMENT OF PAY-TO-PAY FEES
#### (CLASS AND INDIVIDUAL CLAIM)

45.     Plaintiff repeats and realleges each paragraph preceding the First Cause of Action of this Complaint as if fully set forth herein.

46.     Defendant violated the CCPA's prohibition on using unfair or unconscionable means to collect a debt.

47.     By charging or collecting these Pay-to-Pay Fees, Defendant attempted to collect from Plaintiff a part of Defendant's fee or charge for services rendered, in violation of West Virginia Code section 46A-2-128(c).

48. West Virginia Code section 46A-2-128(d) provides that it is unfair or unconscionable "to collect or attempt to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is expressly authorized by the agreement creating the obligation and by statute."

49. No agreement authorizes Defendant to collect Pay-to-Pay Fees.

50. The assessment of a Pay-to-Pay Fee is not expressly authorized by statute or regulation.

51. Nevertheless, in violation of section 46A-2-128(d), FirstEnergy charged Plaintiff and the putative Class Members unlawful Pay-to-Pay Fees each time they made a payment.

52. By assessing Plaintiff and the putative Class Members these unlawful fees, FirstEnergy caused Plaintiff and the putative class members to suffer damages.

### SECOND CAUSE OF ACTION
**FALSE REPRESENTATION OF AMOUNT OF CLAIM**
**(CLASS AND INDIVIDUAL CLAIM)**

53. Plaintiff repeats and realleges each paragraph preceding the Second Cause of Action of this Complaint as if fully set forth herein.

54. Defendant violated the CCPA's prohibition on utilizing fraudulent, deceptive or misleading representations or means to collect a debt.

55. By assessing or collecting Pay-to-Pay Fees that it had no right to assess—as set forth above—FirstEnergy misrepresented the amount of a claim in violation of West Virginia Code section 46A-2-127(d).

56. By representing to Plaintiff and Class Members that their existing obligations to FirstEnergy could be increased by the addition of fees or charges when in fact such fees or charges

could not legally be added to the existing obligation, Defendant violated West Virginia Code section 46A-2-127(g).

57. By assessing Plaintiff and the putative class members these unlawful fees, Defendant caused Plaintiff and the putative class members to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Certifying the Class pursuant to West Virginia Rule of Civil Procedure 23, certifying Plaintiff as the representative of the Class, and designating her counsel as counsel for the Class;

B. Award a civil penalty to Plaintiff and all class members for each violation of any provision of Chapter 46A, as authorized by West Virginia Code sections 46A-5-101(1) and -106;

C. Actual and compensatory damages for injuries suffered by Plaintiff and Class Members, including any overpayment of fees;

D. Awarding Plaintiff and Class Members pre- and post-judgment interest;

E. Awarding Plaintiff and Class Members restitution and disgorgement where permitted;

F. Injunctive relief, including, but not limited to, removal of charges incurred by Plaintiff and Class Members for the Pay-to-Pay Fees;

G. Reasonable attorneys' fees and costs of this action; and

H. Such other relief as this Court may deem just and proper.

**Dated: September 21, 2023**

          Respectfully Submitted,

          */s/ Jonathan R. Marshall*

          **BAILEY & GLASSER LLP**

          Jonathan R. Marshall, Esq. (WVSB #10580)
          Email: JMarshall@baileyglasser.com

          Jack Bunn, Esq. (WVSB #14242)
          Email: JBunn@baileyglasser.com

          Denali Hedrick, Esq. (WVSB #14066)
          Email: DHedrick@baileyglasser.com

          209 Capitol Street
          Charleston, WV 25301
          Tel. (304) 345-6555

          Patricia M. Kipnis, Esq. (WVSB #12896)
          Email: PKipnis@baileyglasser.com

          1622 Locust Street
          Philadelphia, PA 19102
          Tel. (215) 274-9331

          Jason E. Causey #9482
          Bordas & Bordas, PLLC
          1358 National Road
          Wheeling, WV 26003
          (304) 242-8410

          *Counsel for Plaintiff and Proposed Class Members*

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial on her behalf and on behalf of the putative class members on all claims at law permitted for jury trial.

*/s/ Jonathan R. Marshall*
